1

2          **IN THE UNITED STATES DISTRICT COURT FOR THE**
           **WESTERN DISTRICT OF MISSOURI**
3                **WESTERN DIVISION**

4 **UNITED STATES OF AMERICA,**     ) **Case No. 12-00133-01-CR-W-HFS**
                      )
5         **Plaintiff,**      ) **Kansas City, Missouri**
                      ) **May 14, 2012**
6 **v.**                    )
                      )
7 **CHARLES DANIEL KOSS,**       )
                      )
8         **Defendant.**      )
_____)
9

10           **TRANSCRIPT OF STATUS CONFERENCE**
       **BEFORE THE HONORABLE ROBERT E. LARSEN**
        **CHIEF UNITED STATES MAGISTRATE JUDGE**
11

12 APPEARANCES:

13 For the Plaintiff:         William A. Alford, III, Esq.
                        AUSA
14                         400 E. Ninth St., Ste. 5510
                        Kansas City, MO  64106
15                         (816) 426-3122

16 For the Defendant:        Charles Daniel Koss, *Pro Se*
                        100 Highway Terrace
17                         Leavenworth, KS  66048

18 As Standby Counsel:       Robert G. Kuchar, Esq.
                        Federal Public Defender's Off.
19                         818 Grand Blvd., Ste. 300
                        Kansas City, MO  64106
20                         (816) 471-8282

21 Court Audio Operator:     Ms. Lori Carr

22 Transcribed by:          Rapid Transcript
                        Lissa C. Whittaker
23                         1001 West 65th Street
                        Kansas City, MO  64113
                        (816) 914-3613
24

25 Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1  (Court in Session at 2:36 p.m.)

2      THE COURT:  Be seated everyone.  Be seated, please.

3  Good afternoon.  I'm calling the case of *United States of America*

4  *vs. Charles Daniel Koss*.  The number of the case is 12-133-CR-W-

5  HFS.  Let me get the AUSA's appearance, please.

6      MR. ALFORD:  Trey Alford on behalf of the United States,

7  Your Honor.

8      THE COURT:  And we have Mr. Koss who likes -- prefers to

9  be called the authorized representative, and I'm happy to do

10  that.

11      MR. KOSS:  Sir, I'm not Mr. Koss, I am the authorized

12  representative.

13      THE COURT:  I understand that.  We're going to go ahead

14  and see if we can figure out the status of the case in terms of

15  the discovery.  I wanted to get everybody together to make sure

16  that we have some idea of how we're going to proceed.

17      MR. KOSS:  Your Honor, if I may?  UCC §1-308 without

18  prejudice.  There were some things brought up last week that I

19  need to address before we can really move any further.  And one

20  of those has to do with last Tuesday, I think it was the 8th when

21  we had a hearing, I think that was referencing attorneys or

22  representation or anything such as that matter.  And I told you

23  at the time I didn't consent to any attorney, didn't want an

24  attorney, didn't need an attorney.  And we had that meeting

25  anyway and you appointed an attorney as stand-by and also had one

sit very close to proximity to where I'm at. I'd like to state
that anything that you might have tried to do in the way of the
court from your bench in the way of providing an attorney for
myself or the defendant is a nullity and not allowed. We don't
believe that there's any contracts that were established, any
implied contracts or law contracts or any kind of remedy for the
court. Here today I accept your oath of office and I accept your
bond. And I asked the court clerk to eliminate anything that has
any reference to do with an attorney and representation of either
myself or the defendant named in this action.

       THE COURT: Okay. Let's move on.

       MR. KOSS: There was also a plea, sir, that you made on
behalf of the defendant, which is not acceptable and cannot be
accepted. I'm the only one that has any authority over the
estate.

       THE COURT: Right.

       MR. KOSS: And having said that, your plea is a nullity,
it's taken away and I'll replace that with accepted. We will
accept all the charges that the Government placed upon their
proof of claim.

       THE COURT: Okay. All right. We're going to cover what
I intend to cover today. You've made your record and I
understand your position. Let's go ahead and try to get some
work done.

       MR. KOSS: Sir, the problem is --

1          THE COURT:  Mr. Koss.  Mr. Koss, you've got to --

2          MR. KOSS:  The problem is we have a case that -- it's

3     been discharged.

4          THE COURT:  Mr. Koss, hold it.  Hold it.  Just let me

5     say something to you.  Okay.  I'm not going to entertain any of

6     these motions that you're making at this point in time.  The

7     purpose of this is to figure out of if there's a way in which we

8     can provide you with discovery to the Government's file.  And

9     I've got other cases to do.  I've got them backed up.  I don't

10    have time for you to make these records.  Now, I've let you talk,

11    I've let you object to the term that I've used in terms of

12    calling you Mr. Koss.  I've let you object to the --

13         MR. KOSS:  And you say calling me Mr. Koss, sir, but I

14    -- see, that's the whole point.  I am the authorized

15    representative.  I am not Koss.  I'm the only one that has a true

16    identity in the record.

17         THE COURT:  I'm not saying that you are.  I'm just

18    saying that you made your record about that and you made your

19    record about the plea.  So --

20         MR. KOSS:  But this case is discharged, sir, --

21         THE COURT:  Well --

22         MR. KOSS:  -- by operation of law.  I showed you the

23    tender.  This case is discharged and we've got no reason to even

24    be here.

25         THE COURT:  Mr. Koss, if you keep on doing this and

1  raising your voice and getting excited about all this, you're not

2  going to give me any other choice but to just simply have you

3  removed. And then we'll try to figure out if we can do business

4  outside of your presence. Now, I don't want to do that. Now,

5  you've got a -- you've made your record. I need to move on and

6  figure out if I can get access to the file for you, and that's

7  what I'm trying to accomplish here.

8         MR. KOSS: But, sir, you are obligated to follow the

9  Constitution that -- with part of your oath of office. And right

10  now you're violating the Constitution against me, Article I,

11  Section 10. You're impairing the obligation of a contract.

12         THE COURT: Well, if you want to put that in a motion,

13  put it in a motion and we'll get the Government's response and

14  we'll deal with it.

15         MR. KOSS: I just put it in a motion, sir.

16         THE COURT: No, a written motion. I've told you, if

17  you're going to address anything along those lines, you have to

18  put it in a written motion. And that's just our standard

19  requirement in our court. So do that. Put it in a written

20  motion, I'll get the Government to respond and I'll rule it.

21         MR. KOSS: Sir, I demand an *in camera* review so I can

22  talk about my private information privately with this Court.

23         THE COURT: No, I'm not going to grant that at this

24  point. Go ahead and tell me where you're at with the file.

25         MR. ALFORD: Yes, Your Honor. The United States has

1  made available to the defendant through the Marshal's Service

2  3,972 pages of discovery minus a few sections that amount to

3  about 100 pages.  And the reason why they were excluded is

4  because currently they are under seal with order by Judge

5  Laughrey.  The United States will be moving to have the seal

6  removed so that we can disclose that to the defendant.  And once

7  that --

8          THE COURT:  When will that be done?

9          MR. ALFORD:  The United States will file a motion within

10 the next -- probably by no later than tomorrow COB.  I don't know

11 when Judge Laughrey will rule on it, but I don't --

12         THE COURT:  Well, I'll contact Judge Laughrey and make

13 sure that she takes that up promptly.  So, you get it filed by

14 tomorrow.  And what's the materials that we're talking about here

15 that are under seal?  Can you generically describe what it is

16 we're talking about?

17         MR. ALFORD:  Yes, Your Honor.  As part of this

18 investigation, the Social Security Administration had served

19 administrative subpoenas on financial institutions for the

20 defendant's bank records.  And pursuant to that act, because

21 there was a criminal investigation, the United States was able to

22 file an opposition to the defendant's motion in that case to

23 preclude the financial institution from providing those records.

24 So, both the motion of the United States and an affidavit of a

25 federal agent were filed under seal, and we'll be asking Judge

1 | Laughrey to remove the seal now.

2 | THE COURT: Okay. All right. All right. So, file that

3 | by tomorrow and we'll see if we can -- I'll contact Judge

4 | Laughrey and ask her to deal with that.

5 | MR. KOSS: Sir, I challenge the subject matter

6 | jurisdiction of this court.

7 | THE COURT: Okay. Now, what about -- so, we've got 100

8 | pages that are omitted, right, at this point? But they should be

9 | available, certainly by the end of this week. Will you

10 | supplement that? Will you provide me with that?

11 | MR. ALFORD: Yes, Your Honor, I will supplement it. And

12 | how I did the initial production is I provided a letter both with

13 | the actual discovery that indicates what we've actually provided.

14 | I also am sending a courtesy copy to the defendant at CCA. And

15 | I'll continue to do that with any supplemental discovery so when

16 | Judge Laughrey allows us to provide disclosure of this additional

17 | discovery, I'll send a letter to the defendant so he's apprised

18 | that that additional discovery is now available.

19 | THE COURT: Okay. And those materials have been

20 | deposited with the U.S. Marshal's Service?

21 | MR. ALFORD: That's correct, Your Honor.

22 | THE COURT: Okay.

23 | MR. ALFORD: And my understanding is, after talking to

24 | Deputy Michael Valentine, is the defendant can just reach out to

25 | the Marshal's Service and they will make arrangements and he can

1  view those items here at the courthouse at the Marshal's Service

2  *locus* here in the courthouse.

3        THE COURT:  Okay.  So, the procedure is that if the

4  defendant wants to gain access to the file, he should contact the

5  caseworker at --

6        MR. KOSS:  Sir, I want you to rule on this case as far

7  as it being discharged.  Right now this case is discharged.  This

8  debt is paid.

9        THE COURT:  Your motion --

10        MR. KOSS:  Does the United States have a bond?

11        THE COURT:  Your motion is overruled.  We're on to

12  talking about discovery.  So, now --

13        MR. KOSS:  Does the United States have a bond, sir?

14        THE COURT:  Mr. Koss.

15        MR. KOSS:  This case needs to be bonded --

16        THE COURT:  Mr. Koss.

17        MR. KOSS:  -- and I want to know what the bond is.

18        THE COURT:  Mr. Koss, I'm not going -- I'm not going to

19  allow you to --

20        MR. KOSS:  Authorized representative, sir.

21        THE COURT:  Authorized representative, I'm not going to

22  let you take over this hearing.  You can't do that.

23        MR. KOSS:  You're not going to respond if the Government

24  has a bond?

25        THE COURT:  I'm not going to respond to any of this --

1          MR. KOSS:  Sir, are you the prosecutor or are you the

2     judge?  You're supposed to arbitrate this from the middle.

3          THE COURT:  Okay.  All right.  Well, I'm not getting

4     anywhere with the authorized representative.  So, here's what

5     we're going to do.  Put it up in the -- it's in the Marshal's

6     Service.  If the authorized representative wants to have access

7     to the file, he needs to contact CCA and get -- tell them within

8     24 hours that he wants to come to the courthouse.  If the

9     authorized representative wants to look at the file five days a

10    week, all he has to do is express that desire and the Marshals

11    will bring him in.  If he doesn't get that request to the

12    Marshal's Service through CCA's caseworker, then he won't get

13    brought in.  If there's any difficulty that the authorized

14    representative is having with gaining access to the file, he

15    should contact me directly.  He has my mailing address.

16         MR. KOSS:  Sir, are you holding that I am the authorized

17    representative.

18         THE COURT:  I'm calling you what you want to be called.

19         MR. KOSS:  No, I said are you holding that I am the

20    authorized representative.

21         THE COURT:  You know, I'm not buying into this game of

22    yours.  It's a --

23         MR. KOSS:  Sir, it's not a game.  I asked you if the

24    United States had a bond.  They are required to have a bond.

25         THE COURT:  None of your statements --

1        MR. KOSS:  And I'm asking you if the United States have

2   this case bonded.

3        THE COURT:  Mr. Koss, none of your statements have ever

4   made any sense to me in terms of their legal implication.  I

5   simply don't know what it is you're talking about.  And I don't

6   intend to let you highjack every one of these hearings.  I've got

7   this set -- I was trying to help you figure out how to get access

8   to the file.  But you persist in wanting to raise this --

9        MR. KOSS:  Sir, if the case is discharged, I don't need

10  access to the file.

11       THE COURT:  Okay.

12       MR. KOSS:  This case is over with it.

13       THE COURT:  Okay.

14       MR. KOSS:  It's been discharged by operation of law.

15       THE COURT:  Well, if you want to have access to the

16  file, we've told you how you can gain it.  I'm going to put it in

17  a written order.  You'll get a copy of it.  It'll outline for you

18  exactly how you can gain access to it.  But if you don't want to,

19  that's just fine with us.  Anything else by the Government?

20       MR. ALFORD:  Yes, Your Honor.  At the detention hearing,

21  the Court instructed the United States to try to redact exhibits

22  that were used during the detention hearing.

23       THE COURT:  Right.

24       MR. ALFORD:  I have made a good faith effort to do that.

25  I will tell the Court there are multiple personal identification

1   numbers.  They're not always obvious either.  Their reference is

2   bank accounts, but they're really a Social Security number, so

3   it's very easy to miss them.  I've made a good faith effort.  But

4   I would request the Court to maybe have a judicial clerk also

5   take a look at it because there's just a great number of personal

6   identifiers.

7           THE COURT:  Well, I want you to give the redactions

8   first to the authorized representative.  Let him look at them.

9   And if he has any additional redactions he wants to propose, I'll

10  give him the opportunity to do that.

11          MR. ALFORD:  Okay.  Your Honor, I'm providing a copy of

12  the exhibits that were, both the defendant's exhibits and the

13  United States' exhibits with my proposed redactions to them.

14          THE COURT:  Okay.  Do you have both the original and the

15  copy?

16          MR. ALFORD:  I have an original, Your Honor, but I have

17  the actual original which I don't know if we want to --

18          THE COURT:  No.

19          MR. ALFORD:  Yeah.

20          THE COURT:  I want you to make a copy of the original --

21          MR. ALFORD:  Okay.

22          THE COURT:  -- so he can look at the original and look

23  at what you've proposed --

24          MR. ALFORD:  Right.

25          THE COURT:  -- in terms of redactions.

1      MR. ALFORD:  The original is in the discovery that's in

2 the 3,900 and some pages that are with the Marshal's Service.

3      THE COURT:  Just really -- just --

4      MR. KOSS:  Once again, sir, I challenge subject matter

5 of this court.

6      THE COURT:  Just accommodate me on this.

7      MR. ALFORD:  Okay.

8      THE COURT:  Just make a copy of that so he doesn't need

9 to dig through and --

10      MR. ALFORD:  Yes, Your Honor.  I can --

11      THE COURT:  -- figure out.  Okay.

12      MR. ALFORD:  Yes, Your Honor.

13      THE COURT:  Okay.  So, then I want copies of both of

14 those presented to me too, --

15      MR. KOSS:  Sir, does it not matter to you that I'm being

16 kidnapped?

17      THE COURT:  -- so that I can look at them and we'll see

18 whether or not he's got any additional redactions.  The

19 authorized representative will be directed to review them and

20 I'll have him brought back in a week and we'll see if there are

21 any additional redactions.  All right.  Okay.  That's it.

22                    (Court Adjourned at 2:48 p.m.)

23

24

25

1

2

3

4

5

6

7

8       I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
9    above-entitled matter.

10

11        /s/ Lissa C. Whittaker          May 22, 2012
          Signature of transcriber              Date
12

13

14

15

16

17

18

19

20

21

22

23

24

25