```
                  IN THE UNITED STATES DISTRICT COURT FOR THE
                         WESTERN DISTRICT OF MISSOURI
                               WESTERN DIVISION

UNITED STATES OF AMERICA,         ) Case No. 12-00133-01-CR-W-HFS
                                  )
        Plaintiff,                ) Kansas City, Missouri
                                  ) June 14, 2012
v.                                )
                                  )
CHARLES DANIEL KOSS,              )
                                  )
        Defendant.                )
_____ )

           TRANSCRIPT OF STATUS CONFERENCE REGARDING COMPETENCY
                  BEFORE THE HONORABLE ROBERT E. LARSEN
                    CHIEF UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | William A. Alford, III, Esq. |
| | Daniel M. Nelson, Esq. |
| | Katherine E. Hoey, Esq. |
| | AUSA |
| | 400 E. Ninth St., Ste. 5510 |
| | Kansas City, MO  64106 |
| | (816) 426-3122 |
| | |
| For the Defendant: | Charles Daniel Koss, *Pro Se* |
| | 100 Highway Terrace |
| | Leavenworth, KS  66048 |
| | |
| As Standby Counsel: | Robert G. Kuchar, Esq. |
| | Federal Public Defender's Off. |
| | 818 Grand Blvd., Ste. 300 |
| | Kansas City, MO  64106 |
| | (816) 471-8282 |
| | |
| Court Audio Operator: | Ms. Terri Moore |
| | |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO  64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

1  (Court in Session at 2:51 p.m.)

2  THE COURT: Be seated. Good afternoon.

3  MR. KOSS: Good afternoon.

4  THE COURT: I have the matter of *United States of*
5  *America vs. Charles Daniel Koss* before me. This is 12-133-01-CR-
6  W-HFS. Let me have the Assistant U.S. Attorneys' appearances,
7  please.

8  MR. ALFORD: Trey Alford, Dan Nelson and Kate Hoey on
9  behalf of the United States, Your Honor.

10  THE COURT: Okay. And I have the defendant here who
11  prefers that I refer to him as the authorized representative.
12  So, in order to avoid any --

13  MR. KOSS: Sir, I'm not the defendant. I have to do
14  this every time, but I am not the defendant.

15  THE COURT: Right.

16  MR. KOSS: I am here as a secured party to the trust
17  estate of Charles Daniel Koss.

18  THE COURT: Right. And I'll refer to you as the
19  authorized representative as you've requested in the past. Okay.
20  Now, let me explain why we're here. There has been issue that
21  has emerged in this case by virtue of the nature of the defense,
22  which is *pro se*. And it's basically --

23  MR. KOSS: It's *sui juris*, sir. I'm not *pro se*.

24  THE COURT: Well, you're representing -- okay. In any
25  case, the issue has been one that's been generated by the

persistence in espousing the doctrine of what has been commonly referred to as sovereign citizens. And my concern has been that whether or not the authorized representative here is competent to present a defense. Now, just to be frank about it, other than the espousal of that doctrine, I don't particularly -- haven't noticed anything else that gives me any concern about his competency. But I do, and I think that's probably the position of the U.S. Attorneys who have been present in court during these various proceedings. Is that the case or not?

MR. ALFORD: That's correct, Your Honor. I don't have any evidence of any mental disorder or defect that the defendant may have other than he espouses common redemption theory and sovereign citizen rhetoric, which is well known to just be a common scam and we believe that's part of his fraudulent scam.

MR. KOSS: I object.

THE COURT: Right. Okay. Now, what I'd like to do here is to go through some questions with you.

MR. KOSS: Sir, there is no sense in going through any questions. We're going to -- I have offered, and made an offer to the United States Government to settle this matter out. Sir, there has been an indictment that's been issued, isn't that correct? I mean, there's an indictment that's been issued and it came from a true bill?

THE COURT: You know, I've tried to be as patient as I possibly can with you, but --

1  MR. KOSS: Sir, it's a question. Isn't that true that
2  an indictment was issued? See, I've never seen a warrant.
3  THE COURT: Okay. If you'll -- if you'll let me --
4  if --
5  MR. KOSS: And, sir, wouldn't it be right that I am able
6  to see a warrant?
7  THE COURT: If you'd give me a moment so I can explain
8  to you what the implications are of what's going on here, that
9  may help you better focus. I'm hopeful that it will. Okay.
10 What we're doing is we're trying to make sure that, in fact, you
11 are someone who's able to represent, however you want to call it,
12 Charles Daniel Koss or however you want to frame it, in terms of
13 the case proceeding to trial. Now, there are two roads that I
14 can go down here. And normally what we do is if we have evidence
15 that someone isn't or may not be competent, we generally send
16 them off for an evaluation. And they -- it's usually quite
17 disruptive to a defendant to have that happen to them. And let
18 me explain to you the reason why. They take a defendant and the
19 Marshals, when they have the opportunity to get a plane here,
20 because they may move that defendant around the country. It may
21 take us some time to get a defendant on board on a plane and then
22 taken to one of the various facilities that conduct mental
23 evaluations. Sometimes it takes as long as 30 days for that to
24 occur.
25 MR. KOSS: But, sir, don't you think before this ever --

1  THE COURT: Will you let me -- will you let me --

2  MR. KOSS: -- before it ever got to this, don't you
3 really honestly believe --

4  THE COURT: Will you let me finish here so that you can
5 understand why it is that I want -- I want you to know this
6 before we go any further. All right. I'm just -- I'm trying to
7 get you to understand the implications of what's going on here.

8  MR. KOSS: I just want to know why I wasn't issued an
9 warrant.

10  THE COURT: I don't know and I don't care. You know, I
11 need to find out why it is if --

12  MR. KOSS: Sir, I'm under arrest, but I wasn't actually
13 read any rights.

14  THE COURT: Okay.

15  MR. KOSS: I mean, isn't there some things that really
16 need to be done if you're going to claim that I'm the defendant.

17  THE COURT: All right. So, what'll happen is you'll be
18 shipped off. It may take as long as 30 days for you to even get
19 picked up. And then it may take you even longer for you to
20 actually be transported to the facility where the examination
21 would take place. Once you're at the facility, it usually takes
22 30 days for them to conduct an evaluation. After they've
23 conducted an evaluation, then when the results have been
24 generated, then it will take you, or an individual in that
25 situation, time to get back here. And it may be as long as 30

1  days or more before an individual is brought back here to the
2  district where the proceedings are originating.  That can be very
3  disruptive to someone who's in custody.  And it's not a very
4  pleasant thing to have to go through.
5         MR. KOSS:  No, especially when you're kidnaped.  And,
6  sir, I'm telling you this -- you can call me disruptive or -- I
7  came here today to try to work with you and not be adversarial.
8  Sir, I have information that could change the plea on this whole
9  thing.
10        THE COURT:  That's not what we're here to take up
11 though.
12        MR. KOSS:  Possibly a guilty plea could come out as a
13 result of this condition, sir.
14        THE COURT:  Mister --
15        MR. KOSS:  And if we could just take this to camera, I
16 believe we could work this out.
17        THE COURT:  We're not going to do that.  We're here to
18 take up this issue.  And if -- here's what's going to happen.
19 I've explained to you kind of what -- if we have to send you off,
20 it may be an extended period of time before you come back.  Then
21 we'll have a hearing on all this and we'll resolve the issue one
22 way or the other.  It can be, as I mentioned, very disruptive to
23 an individual to get moved around like that.  And that's all I'm
24 trying to tell you.  That's all -- and what I want to do is I
25 want to go through some very basic questions here --

```
 1          MR. KOSS:  Sir, --
 2          THE COURT:  -- about your -- about your --
 3          MR. KOSS:  -- I am not going to answer your questions,
 4  sir.
 5          THE COURT:  Okay.  All right.  Can --
 6          MR. KOSS:  Do you have a lawful and valid contract that
 7  I signed, sir?
 8          THE COURT:  Then if you don't answer the questions, then
 9  what I'm probably going to wind up doing is -- I have to have
10  some assurances that you're competent.  So, it may be that I'll
11  send you off for an evaluation.  And whether you cooperate with
12  those people or you don't will be a different matter.  But --
13          MR. KOSS:  Wouldn't you ask to at least sometime prove
14  who I am, sir?  I'm asking you for a contract I entered into
15  knowingly with full disclosure without threat or duress or
16  intimidation that would bind me to any kind of maritime, a man on
17  the land, to maritime riding with your jurisdiction.  Sir, do you
18  have that sort of contract?
19          THE COURT:  Okay.  I'm going to ask you some questions,
20  and if you want to persist in doing this, that's fine.  It would
21  be helpful if I could have --
22          MR. KOSS:  Sir, I asked you if you had that contract.
23          THE COURT:  I don't have that contract.
24          MR. KOSS:  Sir, then you have no reason to hold me
25  whatsoever.
```

1  THE COURT: Great.

2  MR. KOSS: I demand that you release me immediately with
3  cause and with prejudice.

4  THE COURT: That demand is denied. Now, let me ask you
5  some questions here. And you can refuse to answer them, Mr.
6  Koss, if you want to. That's certainly --

7  MR. KOSS: I'm not Mr. Koss.

8  THE COURT: Well, authorized representative for Mr. Koss
9  then.

10  MR. KOSS: No. I am not Mr. Koss by any stretch of the
11  imagination, sir. Charles Daniel Koss is a commercial
12  transmitting utility, a trust organization with registration
13  ending in 5449.

14  THE COURT: Okay.

15  MR. KOSS: Registered out of the state of Wyoming.

16  THE COURT: Have you ever had any issues with regard to
17  your mental health?

18  MR. KOSS: I'm -- sir, unless you can show me the
19  contract, I don't really have -- am not obligated to answer any
20  questions for this Court.

21  THE COURT: Have you experienced any problems with
22  anxiety or any sleep or mood or appetite disturbances?

23  MR. KOSS: Sir, unless you can show me a contract that
24  says -- that empowers this Court to ask me a question one, I do
25  not have to answer any questions for this Court, sir. And I once

again move this Court to dismiss this action with cause and with prejudice.

THE COURT: Is there any history in your background dealing with delusions, hallucinations or disorganized thoughts?

MR. KOSS: Sir, I have some things I would like to enter into the record, a new power of attorney and a plea if the Court would indulge that.

THE COURT: I'm not going to do that at this point. Do you -- are you going to continue to respond in this fashion?

MR. KOSS: Sir, you don't have -- you haven't come up with a contract that would require me to respond to you.

THE COURT: Do you understand the charges that have been placed against you?

MR. KOSS: Sir, I don't understand anything in regard to this because there's no contract and I'm not the defendant. I don't understand why I'm here.

THE COURT: Have you had a chance to review the evidence that's been made available to you?

MR. KOSS: Sir, there is no need in reviewing any evidence because there's no defendant, so there's no plaintiff. You have no subject matter jurisdiction, sir. And I've contested this before.

THE COURT: Right.

MR. KOSS: There's not one claim in the record. There's not a damaged party. There's not a victim. Sir, the Social

```
 1  Security department was paid in full.  You have a fictitious
 2  indictment on a bill that was paid in full on February 28th.
 3  And, sir, this is all part of the record and it should be noted
 4  by this Court.
 5          THE COURT:  Well, it is noted by this Court.  So, there.
 6  I've noted it, Mr. Koss, or personal representative or however
 7  you want to be identified.  I really --
 8          MR. KOSS:  It's not how I want to be identified, sir.
 9  It's not how I wanted to be identified, sir.  I am not Charles
10  Daniel Koss.  Charles Daniel Koss is a fiction.  Sir, do I look
11  like I could be a fiction?  I mean, you can't be both.  And, sir,
12  I have offered to settle this debt in accordance with the terms
13  the Government put out.  And I've accepted everything for value
14  and honor and returned it with my exemption.  And, sir, there is
15  nothing more that really can be said other than the Government --
16  you need to ask them if they accept the terms or not.
17          THE COURT:  Well, what I am going to ask the Government
18  is do you have a position that you think I should take with
19  regard to sending him off for an evaluation?
20          MR. ALFORD:  The United States thinks that the Court
21  would be justified if it believes out of an abundance of caution
22  that a mental competency examination is needed.  We still believe
23  it's part of a scam, his responses.  But certainly, there is
24  sufficient evidence on the record now that would justify the
25  Court ordering him for a mental examination, and it would
```

1 certainly make the record clean.

2 MR. KOSS: I object to this word scam. There's no proof
3 at all. There was only conjecture by the prosecution that
4 there's any scam involved at all. Sir, have the prosecution show
5 you a fictitious instrument. Have the prosecution show you a
6 claim in the record. Sir, you allude to your immunity once you
7 pass through subject matter jurisdiction, and I'm sure you're
8 aware of that.

9 THE COURT: Do you want to respond to the Government's
10 position with regard to sending you off for a mental competency
11 examination?

12 MR. KOSS: Does the Government have a lawful and valid
13 contract that I signed that would obligate me to perform anything
14 for the United States Government, a man on the land? Does have
15 that kind of contract?

16 THE COURT: Okay. Is there anything you want to say
17 about the underlying question of your competency?

18 MR. KOSS: Sir, that has nothing to do with my
19 competency. I'm the representative to the estate. I'm not the
20 defendant. So, why would it have anything to do with my
21 competency?

22 THE COURT: Okay. Here's what I'm going to do. I'm
23 going to direct the parties to -- I want to give everybody an
24 opportunity to brief the issue. So, I'm going to give you a week
25 to do that. And both you and the personal representative over

here will have a week to brief the issue if you want to. I'm concerned about protecting his rights, and I don't want to do something that appears or seems punitive on one hand. But on the other hand, I don't know that I've got much of a choice here.

MR. KOSS: Sir, I put an affidavit of facts into this court last week. Today's the seventh day for the Government to respond to allegations that I've put into an affidavit of facts, sir. And this is -- an affidavit is something that's, you know, you depose to it, you swear to it. You're not crazy when you put it together, and you do expect a response. Has the Government responded to the notice to defend an affidavit of facts?

THE COURT: See, the problem is through when you keep talking like this, you're talking -- it's almost like you're talking a different language than I at least speak. And that creates a concern in my mind about whether or not you're in contact with reality. I mean --

MR. KOSS: Sir, I'm in contact with reality. This case account has been settled and discharged in full in its entirety. And the only thing -- one that doesn't recognize that is this Court.

THE COURT: Okay. All right. Well, I'm going to give you both an opportunity to brief the issue. And I'd be interested to see, you know, if there are -- I'm certainly going to research it, too, to see if there is any guidance that we can get from courts about what I should do here. But --

1  MR. ALFORD: Yeah. I need to do some more research,
2 too, Your Honor. Off the top of my head, I'm familiar with a
3 Ninth Circuit case involving a sovereign citizen, similar kind of
4 scenario. And the Ninth Circuit in that case, on appeal the
5 issue was that the defendant -- defendant's attorneys were
6 saying, well, he was incompetent to proceed *pro se*. And the
7 Ninth Circuit said, well, you know, being a fool is different
8 than being incompetent. But having said that at the district
9 court level, there was a mental competency examination. So, I
10 mean, at this point, since the defendant is refusing even to
11 answer your questions, out of an abundance of caution --
12  MR. KOSS: Well, there's no reason for me after I
13 object.
14  MR. ALFORD: -- and I'm inclined to agree with the
15 Court.
16  THE COURT: Okay. Let him finish first. Okay.
17  MR. ALFORD: If he were responding to your questions, it
18 would be a little easier to --
19  THE COURT: I think I tried to make it clear that if I
20 could get some responses to the questions I had, that would be
21 very helpful in allowing me to make those decisions. But he's
22 not, at least up to this point, not been willing to do that.
23  MR. KOSS: Sir, I think -- why won't the -- this Court
24 address the fact that the indictment was obtained fraudulently?
25 There's a check that the Social Security accepted the payment and

1  it was paid in full.  And there's no debt owed to any Government
2  agency.  So, why -- what is the charges you've got against
3  Charles Daniel Koss?  I mean, where is the bonafide evidence,
4  sir, for you to have subject matter?
5          THE COURT:  Okay.  I think that's the best we can do.
6  So, I'll give you a week to brief this.  And if there's a change
7  in your --
8          MR. KOSS:  I don't consent to my continued
9  incarceration.
10         THE COURT:  I understand.  But if there's a change in
11 your position on that, you'll have an opportunity to brief it.
12 All right.  Thank you.
13                  (Court Adjourned at 3:07 p.m.)

15

1
2
3
4
5
6
7
8
9
10
11
12
13      I certify that the foregoing is a correct transcript
   from the electronic sound recording of the proceeding in the
14 above-entitled matter.

15

16      /s/ Lissa C. Whittaker               June 16, 2012
        Signature of transcriber                  Date
17
18
19
20
21
22
23
24
25