1

IN THE UNITED STATES DISTRICT COURT FOR THE
2                WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION
3
UNITED STATES OF AMERICA,        ) Case No. 12-00133-01-CR-W-HFS
4                                )
          Plaintiff,             ) Kansas City, Missouri
5                                ) October 31, 2012
v.                               )
6                                )
CHARLES DANIEL KOSS,             )
7                                )
          Defendant.             )
8    _____)

9        TRANSCRIPT OF HEARING ON MOTION TO DETERMINE COMPETENCY
BEFORE THE HONORABLE ROBERT E. LARSEN
10              CHIEF UNITED STATES MAGISTRATE JUDGE

11   APPEARANCES:
For the Plaintiff:          William A. Alford, III, Esq.
12                           Katherine E. Hoey, Esq.
AUSA
13                          400 E. Ninth St., Ste. 5510
Kansas City, MO  64106
14                          (816) 426-3122

15   For the Defendant:          Charles Daniel Koss, *Pro Se*
100 Highway Terrace
16                          Leavenworth, KS  66048

17   As Standby Counsel:         Robert G. Kuchar, Esq.
Federal Public Defender's Off.
18                          818 Grand Blvd., Ste. 300
Kansas City, MO  64106
19                          (816) 471-8282

20   Court Audio Operator:       Ms. Lori Carr

21   Transcribed by:             Rapid Transcript
Lissa C. Whittaker
22                          1001 West 65th Street
Kansas City, MO  64113
23                          (816) 914-3613

24   Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
25

1  (Court in Session at 10:15 a.m.)

2  (Off Record Talking)

3  THE COURT:  This is the case of the *United States of*

4  *America vs. Charles Koss*.  The number is 12-133-01-CR-W-HFS.  I

5  have the lawyers here representing the United States and we have

6  the defendant in front of me, along with standby counsel.  This

7  is a continuation of a hearing that we recessed last week, that

8  caused me to rescheduled it on the account that the defendant did

9  not have a copy of the report that had been generated by the

10  Bureau of Prisons.  We made sure that he had a copy of that

11  report from several different sources.  In addition, I issued an

12  order after that hearing about the nature of the events that took

13  place there and advising everyone about what may happen here if

14  we have a continued problem proceeding with the processing of

15  this case.  So, and that order has been provided to everyone,

16  including the defendant in several ways.  With regard to the

17  representation issue, it's always been my practice when we ever

18  have a question of competency, to assume that that's an issue and

19  to not allow a defendant to represent himself or herself during

20  those proceedings, but because that seems to be a trigger for the

21  defendant in this case, I've decided to allow him to represent

22  himself even at this stage rather than relying on standby

23  counsel.  I'm hopeful that that might diffuse some of the

24  problems that we had in the past.  I would note that the report

25  that I've been given indicates that he is competent, so I think

1  it's not an area in which I have concerns about the ultimate

2  conclusion here.  So, I'm hopeful that perhaps that might help us

3  process this case.  I have the report which, as I mentioned, has

4  been provided to everyone, including the defendant, and I'm going

5  to judicially notice that as a court record here.  It's also a

6  public document, so it will be included as part of the evidence

7  on this issue.  With regard to the issue of competency, does the

8  United States have any additional evidence?

9          MR. ALFORD:  No, Your Honor.

10          THE COURT:  With regard to the competency issue, does

11 the defense have any evidence that they want to present?

12          MR. KOSS:  It would only be personal evidence, Your

13 Honor.  In the report that you're looking at --

14          THE COURT:  Would you the microphone so I can hear you

15 all right?  Go ahead.

16          MR. KOSS:  Okay.  Can you hear me?

17          THE COURT:  Yeah, I'm fine now.

18          MR. KOSS:  Okay.  In the report that I'm looking at, it

19 -- excuse me just a second.

20          THE COURT:  Take your time.

21          MR. KOSS:  In the report that I'm looking at, the -- it

22 indicates in the report that the prosecutor -- or excuse me.  I

23 have medical issues.

24          THE COURT:  Why don't you sit down and relax for a

25 second.  Sit down --

1         MR. KOSS:  It would be better if I stand up.

2         THE COURT:  Okay.

3         MR. KOSS:  It's when I'm sitting down.

4         THE COURT:  Whatever is more comfortable for you.  Go

5 ahead.

6         MR. KOSS:  In the report the doctor stated that my

7 parents molested me sexually and physically and things -- and,

8 sir, as God is my witness and I love my parents and they're both

9 deceased, but that never happened and it was never stated and

10 never said.  And I was going to have something here to present to

11 you but I couldn't get it notarized, so, --

12         THE COURT:  That's all right.

13         MR. KOSS:  -- I'm telling you that there's some parts of

14 the report that, as I've looked at, had myself, you know, a

15 living, breathing man, that this did not happen.

16         THE COURT:  Well, let's do this.  If there's parts of

17 the report that you want to make a proffer about, you object to,

18 I'll give you an opportunity to do that.  Now, this is one area

19 where it's referenced in there, alleged that there were some

20 statements made about abuse.  I will accept your proffer on that

21 without anything else.  That will be part of the record here.

22 Okay?

23         MR. KOSS:  Okay.  Thank you.

24         THE COURT:  All right.  Now is there anything else in

25 the report that you think is inaccurate or erroneous here that

1  you want to bring to my attention, other than that piece?

2          MR. KOSS:  There are several pieces in there, sir, --

3          THE COURT:  Okay.

4          MR. KOSS:  -- that I don't agree with and it just

5  appears that I didn't have a chance to look at it because I

6  really need to talk about other things here.  They go back way to

7  May 7th.  And I think it's critical to this case that you get the

8  arrest warrant in front of you and look at it because there are

9  issues with it that are wrong.

10         THE COURT:  Right.  We're just dealing though with this

11 report.  Is there anything else in the report that you feel

12 uncomfortable about, because now is the time to raise those with

13 it?

14         MR. KOSS:  I have brothers.  It says I have none.  There

15 are issues in that I don't know exactly what all of them are at

16 the current time.

17         THE COURT:  Okay.

18         MR. KOSS:  But there are issues that I had brought up

19 and in my own mind that are inaccurate and --

20         THE COURT:  DO you want me to give you some more time to

21 look at the report so you can detail for me at another --

22         MR. KOSS:  I intended to have it to where I could put it

23 in an affidavit form, but I couldn't get it notarized where I'm

24 at.

25         THE COURT:  You don't need to put it in affidavit form.

1  If you would just -- if you want, you can just prepare a list of

2  items and you can read it into the record, and if you would, if

3  you would go to the report and indicate the page that you're

4  concerned about, then we'll go ahead and go through it and I'll

5  let you make a record on that.

6          MR. KOSS:  I understand that.

7          THE COURT:  Okay.

8          MR. KOSS:  But, sir, I need to get back to the affidavit

9  because it --

10         THE COURT:  Can we just -- can you just --

11         MR. KOSS:  -- to the arrest warrant.

12         THE COURT:  Can you just let me finish this piece and

13  then I'll let you -- I'll deal with the other issue in a moment

14  here.

15         MR. KOSS:  Sir, I'm challenging your jurisdiction and

16  once that's been challenged, you cannot move another step to gain

17  anything in the way that would be jurisdiction.  I'm questioning

18  the arrest warrant.

19         THE COURT:  I've heard this all before and, again,

20  here's the problem that we're going to run into, Mr. Koss.  And I

21  don't want this to happen.

22         MR. KOSS:  I'm not Mr. Koss.

23         THE COURT:  Okay.  The representative then.  Okay?

24         MR. KOSS:  You can call me Chuck.

25         THE COURT:  Chuck, okay.  Here's the problem that we're

1  going to run into and this is something that I want to avoid,

2  frankly.  You have a right to represent yourself, but you have to

3  follow the procedures that we employ here.  And if you don't do

4  that, and you become disruptive, which I hope that won't happen,

5  then what will happen is I'm going to have to take some steps to

6  make sure that I'm able to process this case.  And I don't want

7  that to happen here.  What I need you to do is to focus on this

8  report.  I want to give you an opportunity to go through it.  And

9  if you have problems with it, I'll give you an opportunity to

10 make a record on it.  But that's why we're here.  I'm not going

11 to deal with warrants and other things.  I'm here to deal with

12 this issue today.  Now, if you want me to give you some time to

13 prepare to do that, I will give you that time.  But I'm not going

14 to talk about warrants today.  Okay?

15         MR. KOSS:  Well, Judge, I put in for an identity

16 hearing, a notice and demand for an identity hearing.  And when I

17 put that in, I think it was -- I don't know when it was docketed,

18 but it was early in October.  It was sometime in the last week of

19 September that I put that in.  And the main reason I put in for

20 that identity hearing was because the arrest warrant is not

21 properly in front of you.  I'm just questioning if you don't have

22 the proper person in front of you right now, then all this other

23 things that -- the everything is fruits of the poisonous tree.

24         THE COURT:  And I'm telling you, we're going to deal

25 with this report and that's what we're going to talk about.  Now,

1  if you want me to give you more time to prepare for this, I will
2  do that.  I will continue this another day and we will have you
3  come back in and you can give your list of objections or concerns
4  that you have about this report.  Do you want me to do that?

5          MR. KOSS:  Sir, I don't -- I don't believe any more time
6  is going to do any good for anybody.  What I'm trying to tell you
7  is if you've got the wrong person in front of you, then, sir, it
8  would only make sense that you would have an identity hearing
9  because you don't know who's sitting in front of you.  The number
10 is on the arrest warrant is not identifying the property.  Now,
11 shouldn't it identify the property?  I mean, you're an
12 arbitrator.  I understand your --

13         THE COURT:  No, I'm not.  I'm a judge.

14         MR. KOSS:  Well, you're a judge.

15         THE COURT:  Right.

16     MR. KOSS:  And your position is to stay neutral.  And
17 that much I know for a fact.  And, sir, in front of me I have the
18 property that doesn't belong in front of this Court, the person,
19 then you have the wrong person that's been arrested.

20                (Off Record Whispering)

21     MR. KOSS:  And I do not have legal counsel here and this
22 man has no business speaking with me.

23         THE COURT:  I think, you know, I've said that you can
24 represent yourself at this point because I was trying to avoid
25 the problems that emerged from the last hearing where it just

1  became out of control.  And, so, you need to understand, though,

2  that I will let you represent yourself to the extent you are

3  willing to comply with what I think the procedures are.  And

4  those are today, we're going to deal with this competency issue.

5  We're not going to talk about any other issue.  So, if you want

6  me to give you time, this is the third time I'm asking you.  Do

7  you want me to give you more time to review the report to make

8  any objections to it?  Do you want that or not?  If you don't

9  want that, then we go down a different path.  If you do, I will

10 give you time to do that.

11         MR. KOSS:  Sir, I'm just saying that I'm challenging the

12 jurisdiction of this Court because I don't believe you have the

13 right person in front of you.

14         THE COURT:  Okay.  All right.  I am going to then assume

15 that the record is complete and we will get a Report and

16 Recommendation out to Judge Sachs on this recommending to Judge

17 Sachs that the -- Chuck be found to be legally competent to

18 proceed to trial.  I think that's everything I'm going to cover

19 today on behalf of the United States?

20         MR. ALFORD:  Well, Your Honor, I have concerns that as

21 we prepare for trial, even though, you know, the defendant's

22 mentally competent, that I have a hard time believing we'll be

23 able to get through a trial without the defendant trying to

24 hijack the judicial process.  And what my -- the biggest concern

25 the United States would have, and it's even in the defendant's

best interest, is that if we had a mistrial, it wastes a lot of time and resources. I know it's unusual to have standby counsel prepare for a defense, but I think at this point it might make sense to at least have him start beginning to go through the discovery. There's extensive discovery in the case, and in the event the District Court Judge who tries the case feels that the defendant is being obstructive and is hijacking the judicial process, at least we won't have a mistrial. We'll be able to continue on with the trial with Mr. Kuchar representing the defendant.

THE COURT: No, I -- (Clearing throat). Excuse me. Here's the deal. At this point, it's been tentatively decided by me that the defendant is competent to proceed. We have to await for Judge Sachs to enter a final ruling on that. Assuming Judge Sachs does find him to be competent, which I'm confident that that's what the outcome will be here, then Mr. Koss, just as any other person, has a constitutional right to represent himself. We have gone through that hearing and we've made a record on it and we've found him to be -- if Judge Sachs finds him to be competent, then he will be allowed to represent himself. However, that does not mean that the court is required to just let him do anything in a courtroom. And so I have directed, as my order reflects, that we have standby counsel available, not to be involved in the litigation, but simply to be available if, at some point we have to have Mr. Koss removed. I'm hopeful that

1  that will not occur.  I'm hopeful that Mr. Koss, who I think is

2  sincere in his beliefs, will show the necessary respect to the

3  court and to the procedures that we have to follow.

4          MR. KOSS:  There is no title.  There is --

5          THE COURT:  On the other hand --

6          MR. KOSS:  Sir, I object.  There was no title for the

7  defendant.  The defendant is the defendant.  Mr. Koss isn't in

8  the courtroom.

9          THE COURT:  Okay.  Fine.  So, so long as Chuck does

10 comply with those basic requirements of showing respect to the

11 court and to follow the court's directive on rulings, then he

12 will be allowed to continue to represent himself.  And if that

13 doesn't happen, the order has set in place for every hearing,

14 whether it's in front of me or Judge Sachs or any trial, that

15 there will be a video feed for us to have the defendant watch the

16 proceedings, and at that point, if we're confronted with a

17 situation that we have no other choice but to have standby

18 counsel move in, we will do that.  And the Eighth Circuit has, as

19 I outlined in my order, the Eighth Circuit has said, you know,

20 that that's fine.  But here's the deal, I don't want to go down

21 -- this is a significant constitutional right that he has and

22 he's entitled to represent himself.  And we're not going to

23 assume that he's going to fail to comply with reasonable

24 procedures that the court needs to impose upon him.  And so long

25 as he does accede to those and comply with them, then we'll all

1  be fine.  And I'm not going to worry about what might happen down
2  the road.  So, unless there's -- I mean, I recognize that he's
3  not taken advantage of the open-file discovery here.  Is that
4  what your concern is?

5           MR. ALFORD:  Well, many concerns, Your Honor.  I mean --
6           THE COURT:  Well, let's just deal with that one.  Will
7  you answer that question?  Has he availed himself of that
8  disclosure?

9           MR. ALFORD:  The last time I check with the Marshal's
10 Service he's never reviewed any of the discovery that we've
11 provided.

12          THE COURT:  Okay.  So, that's his choice.  We've got it
13 in place in the Marshal's lockup.  He's been told that he only
14 has to ask for permission to come here and to look at it and if
15 he chooses not to, then that's his choice to do that.  I'm not --
16 you know, he's been found to be competent and he's allowed to
17 represent himself, so I don't see how I can get involved in that
18 now.  Is there some other thing that you want me --

19          MR. ALFORD:  My main concern is, Your Honor, you know,
20 at numerous hearings, as Your Honor is fully aware, the
21 defendant, you know, interrupts the judge, interrupts myself.
22 The United States has a right to present its case.  And my
23 concern is is that the defendant at trial, after we've invested
24 additional resources getting witnesses, everything that goes
25 along with a trial, the defendant will not allow the United

1 States to present its case, which we have a right to do. And at
2 that time, --

3       THE COURT: I understand your right. What are you
4 asking me to do?

5       MR. ALFORD: I'm asking that Mr. Kuchar begin reading
6 the discovery so that he could actually be appointed in the event
7 that that occurs, so that he's ready to go.

8       MR. KOSS: I object.

9       THE COURT: Okay. Mr. Kuchar?

10       MR. KOSS: I object to -- there is no other counsel
11 here. I am the only one that is the secured party to the estate
12 and there is no one here that represents the Koss estate.

13       THE COURT: And I've told you that you can represent
14 yourself.

15       MR. KOSS: I represent myself.

16       THE COURT: I've told you that. Now, let me just hear
17 from Mr. Kuchar for a moment, okay? I just want to get his
18 response to this.

19       MR. KOSS: Well, Judge --

20       THE COURT: So, just relax. Yes?

21       MR. KUCHAR: You know, I had a -- I should say a brief,
22 although somewhat meaningful conversation, I think, with Mr.
23 Koss, I think -- this morning, and I think some of his demeanor
24 is a little better than it was probably last time. And that's my
25 observation anyway. And what I tried to --

1        THE COURT:  It's mine as well.

2        MR. KUCHAR:  Yeah.  And when I tried to stress, without,

3   you know, getting into -- I guess, of course, there's an

4   attorney-client privilege in place, is he needs to -- my words

5   are be cool and stay calm and follow the procedures of it.  And

6   he's about to interrupt me, I'm afraid, but so far he's been

7   doing pretty well.  Now, our office's position, of course, is

8   unless and until something were to occur where we were appointed

9   officially as his attorney, we can't be involved in the

10  representation other than standby, so we can't review discovery,

11  we can't file motions, we can't work on jury instructions, we

12  can't do *voir dire*, because Mr. Koss has made it pretty clear

13  that he doesn't want us to do that.  And very clear, abundantly

14  clear.

15       MR. KOSS:  There is no Mr. Koss here.

16       MR. KUCHAR:  I'm sorry.  Chuck.

17       THE COURT:  Chuck.

18       MR. KUCHAR:  And anyway, that's -- I've talked to Ray

19  about that and that's kind of where we're at on it.  It's not

20  like we -- look, it would be easier for everybody at this point,

21  in my opinion, and I told Mr. Koss this, if he were to ask us to

22  represent him, he, right now, and it seems like he really --

23  Chuck, I beg your pardon -- doesn't want that and so we can't be

24  kind of partially in it and partially out.  I guess that's kind

25  of our position on it.

1          THE COURT: That's been this Court's long-term position

2    that we're not going to have hybrid representation. If a

3    defendant wants to represent himself, he or she is able to do

4    that. So, I'm not going to direct that the Federal Public

5    Defender prepare kind of a shadow defense here. If Mr. Koss

6    behaves himself and is respectful to the court and follows the

7    court's --

8          MR. KOSS: Sir, there is no Mr. Koss.

9          THE COURT: Excuse me, Chuck. If Chuck acts

10   appropriately in court and follows our directives, then you know,

11   we won't have any problems. So, I'm not anticipating that. The

12   case will not be tried by Judge Sachs. We'll get another judge

13   to try it, but I will make sure that we have in place available

14   the feed if we run into problems and if we need to take that

15   step, then we'll deal with that when it happens. But I'm hopeful

16   that Chuck will continue to behave the way he's been behaving

17   today and we won't have any instances of outbursts, so. Okay?

18   All right. Now, anything else that the government wants to

19   raise?

20         MR. ALFORD: Nothing specifically today. But just to

21   remind the Court, the United States filed a motion back in June

22   to hold the defendant in civil contempt, and I know we need to

23   wait for Judge Sachs to make a ruling on the competency issue.

24   But I'm just advising the Court that, in anticipation of Judge

25   Sachs' determining that the defendant is competent, we'd just

1   like to remind the Court we have that motion pending.

2          THE COURT:  I'm fully aware of it.  It has to do with

3   the fact that he refused to provide you with, I believe it was

4   handwriting.

5          MR. ALFORD:  That's correct, Your Honor.

6          THE COURT:  And so, -- and you know, and, so we'll deal

7   with that issue once we get this issue resolved, so.

8          MR. ALFORD:  Okay.  Thank you, Your Honor.

9          THE COURT:  You're trying to put the cart in front of

10  the horse here.  So, okay?  All right.  Well, thank you.

11         MR. KOSS:  Your Honor?

12         THE COURT:  Yes.

13         MR. KOSS:  Before you adjourn.

14         THE COURT:  Yes.

15         MR. KOSS:  The defendant should have one last -- and I

16  object to adjourning because the arrest warrant that's in front

17  of me is 8024, the last for digits.  That does not match the

18  property of 4096, which is the Koss estate.  And I'm trying to

19  figure out how you could justify signing the process, which I

20  assumed that you signed it.

21         THE COURT:  I don't know what it is you're referring to.

22  Is it the --

23         MR. KOSS:  The arrest warrant.

24         THE COURT:  Okay.

25         MR. KOSS:  So, I'm just trying to decide how 8024 is

supposed to be here today, is instead it's a 4096. That is my

identity question.

THE COURT: Okay. I don't know what to say in response

to that. All I know is you were arrested on a warrant and --

MR. KOSS: But it didn't -- but the warrant isn't to me,

sir. That's my point.

THE COURT: Well --

MR. KOSS: And I'm not trying to be disruptive at all.

And I'll give you all the respect in the world. It's my

intention to try to my best to get along, but this warrant, the

number one identifier that everyone has, everyone could be an

a/k/a. There's only 365 birth dates, you can live anywhere. But

the number one identifier that the United States associates with

its people, its public, is the Social Security, and in this

incidence, the Social Security that's on the arrest warrant does

not match the property of the person that you've arrested.

THE COURT: Uh-huh. I've heard this before and again,

it's not an argument that I find to be persuasive, and so, if

that's a motion, it's overruled.

MR. KOSS: Well, sir, how can you overrule when you

don't have the right party in front of you? I mean, how is that

possible?

THE COURT: I know. We keep on rotating around to that

same argument and, Chuck, it's not particularly persuasive to me.

It's not persuasive to any other court above me, and there are

1   lots of them above me.  So, that -- to the extent that's a

2   motion, I'm denying the motion and we're going to proceed

3   processing this case.  All right.  Thank you.

4                   (Court Adjourned at 10:39 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.


/s/ Lissa C. Whittaker          November 8, 2012
Signature of transcriber              Date