IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 12-00133-01-CR-W-HFS |
| | ) | |
| CHARLES DANIEL KOSS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court are Defendant's pro se (1) Notice & Demand and Affidavit of Facts, (2) Notice of Default and Demand for Dismissal/Discharge, and (3) Response & Acceptance of Government's Dishonor (Doc. Nos. 76, 65, 70). I construe these three motions as a motion to dismiss. For the following reasons, Defendant's motions should be denied.

**I.  BACKGROUND**

On May 2, 2012, an indictment was returned charging Defendant with two counts of theft of government money, in violation of 18 U.S.C. § 641; one count of social security disability fraud, in violation of 42 U.S.C. § 408(a)(4); one count of passing with intent to defraud any false or fictitious instrument that appears to be an actual security or other financial instrument, in violation of 18 U.S.C. § 514; and one count of mail fraud, in violation of 18 U.S.C. § 1341.

On June 7, 2012, Defendant filed a Notice & Demand and Affidavit of Facts (Doc. No. 76). The Government responded on June 18, 2012 (Doc. No. 43). On November 26, 2012, Defendant next filed a Notice of Default - Demand for Dismissal/Discharge (Doc. No. 65). The Government filed a response on November 29, 2012 (Doc. No. 66). A Response & Acceptance of Government's

Dishonor was then filed by Defendant on December 17, 2012 (Doc. No. 70).

## II. LEGAL ANALYSIS

The arguments contained in Defendant's filings are largely indecipherable. However, the Government has advanced – and I agree – that Defendant seeks dismissal based on three theories: (1) lack of jurisdiction, on grounds that he is not subject to the United States Constitution; (2) the Government is not the "real party in interest"; and (3) his debt to the Social Security Administration has been satisfied. Each argument will be addressed in turn.

### A. Jurisdiction

On page five of his Notice & Demand and Affidavit of Facts, Defendant provides the following notice:

> I am not a United States Citizen/Person nor a 14th amendment citizen/person of the Constitution of the United States nor am I obligated to the Constitution of the United States nor have any so-called rights under that Constitution since I am not a party thereto. I am a Sovereign American of the republic and reject any attempted expatriation from thereof (the republic).

To the extent this is a jurisdictional challenge, Defendant's notice is without merit. See United States v. Hardin, No. 12-1320, 2012 WL 4840794 at *1 (8th Cir. Oct. 12, 2012)(citing United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)(describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983)(characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen")); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); Charlotte v. Hansen, 433 Fed. Appx. 660, 661 (10th Cir. 2011); United States v. Ward, 182 F.3d 930, 930 (9th Cir. 1999). Defendant's motions to dismiss should be denied on this ground.

2

### B. Party in Interest

Defendant's argument that the Social Security Administration is the "real party in interest" is located on page one of his Notice & Demand and Affidavit of Facts. This argument is also without merit. As set forth above, Defendant is charged with violating four different federal criminal statutes. It is axiomatic that the United States is charged with enforcing these statutes and is the appropriate party to the action. See United States v. Garza-Flores, 52 F.3d 1068 (5th Cir. 1995).

### C. Satisfaction of Debt

The crux of Defendant's argument in favor of dismissal appears to be that he has satisfied his debt to the Social Security Administration. Defendant maintains on page two of his Notice and Demand and Affidavit of Facts that he "has tendered, setoff, and discharged all debt CHARLES DANIEL KOSS had with the Social Security Administration and owes the Social Security Administration nothing at this time." (Doc. No. 76). Defendant's Affidavit of Facts contains averments and accompanying exhibits to support his position that he satisfied his debt by use of a registered private money order in the amount of $212,737.60 and a personal check in the amount of $31.00 (Doc. No. 76). Defendant's argument is flawed.

Defendant is charged with two counts of theft of government money for benefits he received from the Social Security Administration when he was not entitled to such benefits. Defendant's position that he repaid the Social Security Administration ignores the fact that he is also charged with passing with the intent to defraud a false or fictitious instrument that appears to be an actual security or other financial instrument (i.e., the registered private money order). That is, the instrument by which he maintains he satisfied his debt is alleged to be fictitious. Even if the instrument were found to be valid, however, Defendant's argument would still fail. Title 18, United

3

States Code, Section 641 "prohibits both permanent and temporary takings." United States v. Rehak, 589 F.3d 965, 973-74 (8th Cir. 2009). Subsequent repayment thus does not negate the original theft. See United States v. Van Elsen, 652 F.3d 955, 957-61 (8th Cir. 2011)(comparing 18 U.S.C. § 644 to 18 U.S.C. §641, and affirming exclusion evidence of repayment as irrelevant).

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's motions to dismiss (Doc. Nos. 65, 70, 76).

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
January 24, 2013